

**SO ORDERED,**

*Judge Selene D. Maddox*

**Judge Selene D. Maddox**

**United States Bankruptcy Judge**

The Order of the Court is set forth below. The case docket reflects the date entered.

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI

IN THE MATTER OF:                                         CHAPTER 12 NO.:

LARRY JOE MAKAMSON                                20 – 12839 - SDM

### ORDER CONFIRMING THE DEBTOR'S CHAPTER 12 PLAN, AWARDING A FEE TO THE DEBTORS' ATTORNEY AND RELATED ORDERS

      Following the meeting of creditors held pursuant to 11 U.S.C. 341 at which the Debtor appeared telephonically to be examined by creditors and other interested parties. A confirmation hearing was held on March 29, 2021 pursuant to 11 U.S.C. 1224, at which the Trustee appeared telephonically and the Debtor and his attorney appeared telephonically.

      At such hearing the following objections to confirmation of the Debtors' Chapter 12 Plan of Reorganization (Docket Number 48) were considered: Objection to Confirmation by Chapter 12 Trustee (Docket Number 53); said Objection being resolved by Agreed Order entered April 1, 2021 (Docket Number 75).

      At the hearing the Court considered the matters presented by the Trustee, counsel for the Debtor and by other interested parties, if any, and upon the pleadings and statements of parties and of counsel, and on the evidence presented, and the Court being fully advised finds that the parties agree as follows:

      A.     Written notice of the meeting of creditors held pursuant to 11 U.S.C. 341 and of this hearing on the confirmation plan was given as required by Rule 2002.

      B.     The plan as presented for confirmation (hereinafter referred to as "the plan") complies with the provisions of Chapter 12 of Title 11 of the United States Code and the other applicable provisions of said Title;

      C.     Any fees, charges or other amounts required under Chapter 123 of Title 28, or by the plan, to be paid before confirmation have been paid;

      D.     The plan has been proposed in good faith and not by any means forbidden by law;

      E.     The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under Chapter 7 of Title 11 of the United States Code on such date; and

F.  With respect to each allowed secured claim provided for by the plan, the holder of such claim either accepted, or was deemed to have accepted, the plan or in the alternative –

- a) (i) the plan provides that the holder of such claim retains the lien securing such claim; and (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or
- b) the plan proposes to surrender the property securing such claim to the creditor.

G.  If the Trustee or the holder of an allowed unsecured claim objected to the confirmation of the plan, then the Court finds that:

- a) the value of the property to be distributed under the plan on account of such unsecured claim is not less than the amount of such claim, or
- b) the plan provides projected disposable income, [as 'disposable income' is defined in 11 U.S.C. 1225(2)] to be received by the debtor in the five [5] year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan; or the value of the property to be distributed under the plan in the five (5) year period, or such longer period as the Court may approve under Section 1222(c) is not less than the Debtor's projected disposable income for such period.

IT IS ORDERED THAT:

1.  The Debtor's Plan is confirmed with the modifications as specified in the agreed orders and otherwise specified as follows:  Objection to Confirmation by Chapter 12 Trustee (Docket Number 53); said Objection being resolved by Agreed Order entered April 1, 2021 (Docket Number 75)

2.  The Debtor shall make the payments to the Trustee required by the plan as confirmed or as hereafter modified by the Agreed Order attached as Exhibit "A". The payments shall be made by the Debtor to the Trustee as indicated by the payment schedule attached hereto as Exhibit "B". The Trustee is entitled to collect the statutory percentage fee on all payments received under the Chapter 12 Plan and made pursuant to the payment schedule attached hereto as Exhibit "B" and disbursements contemplated by the agreed order(s) attached as Exhibit "A".  All payments made to the Trustee as required by the Plan as confirmed or modified by the Agreed Order attached as Exhibit "A" are subject to claims objections.

3.  All property shall remain property of the estate and shall vest in the Debtor only upon dismissal, discharge or conversion.  The Debtor shall be responsible for the preservation and protection of all property of the estate not transferred to the Trustee.

4.  The Trustee shall:
- a) Keep a detailed record of all receipts, including the source or other identification of each receipt, and of all disbursements [11 U.S.C. 1202(b)(1)]; and
- b) File with the Court, or if applicable, with the entity providing addressing service for the Court and the Trustee, notices of creditor's address changes brought to the attention of the Trustee. [Rule 2002(g)]; and
- c) Deposit all funds received by the Trustee under the plan with an entity which provides insurance, guaranties or deposits in the manner prescribed by 11 U.S.C. 345.

5.  Pursuant to 11 U.S.C. 1226 the order of payment, unless otherwise directed shall be:

- a) Any unpaid claim of the kind specified in Section 507(a)(1) of Title 11 U.S.C.;
- b) The percentage fee fixed for the Trustee pursuant to 11 U.S.C. 1202;
- c) Creditors whose claims are timely filed and allowed in such amounts and order of preference as may be provided by the plan or as may be required to provide adequate protection of the interest of any entity with an interest in property of the estate.

6. The Trustee, the Debtor and attorney for the Debtor shall examine proofs of claim, or summaries thereof, and shall object to the allowance of improper claims as provided by 11 U.S.C. 704(5).

7. The Trustee shall at least once yearly provide to the Debtor and the Debtor's Counsel a report showing the funds received and the disbursements made by him since the date of the last report and shall upon completion of the plan file with the Court a final report and account containing or incorporating by reference a statement of receipts and disbursements.

8. Ninety days after the final distribution, the Trustee shall stop payment of all checks then unpaid and file with the Clerk of the Court a list of the names and addresses, so far as known, of the persons entitled to such payments and the amounts known thereof. The unclaimed funds shall be paid into the Court and disposed of under Chapter 129 of Title 28. [11 U.S.C. 347].

If Applicable:

9. The Debtor has paid all amounts that are required to be paid under domestic support obligation that first become payable after the date of the filing of this petition as specified in 11 U.S.C. 1225(a)(7).

10. Upon completion of plan payments provided during the five (5) year term of plan, Debtor shall receive a discharge on all unsecured debts provided for. Upon completion of all payments that exceed the five (5) year term of the plan Debtor shall receive a discharge of said debts.

11. That, a copy of the Debtor's Chapter 12 Plan of Reorganization is attached hereto as Exhibit "C". This Plan is hereby confirmed, with the modifications listed in the Agreed Order attached as Exhibit "A" and modifications made herein.

12. That, all payments will be made by the Debtor in accordance with the Plan attached as Exhibit "C", or the payment schedule attached hereto as Exhibit "B," or as hereafter modified by the Agreed Orders attached as Exhibit "A", or as modified herein. It is ordered that the payments shall be made by the Debtor to the Trustee, Harold J. Barkley, Jr., P. O. Box 5069, Jackson, MS 39296-5069, as indicated by the payment schedule attached hereto as Exhibit "B".

ALLOWANCE OF ATTORNEY'S FEES:

That, Debtor's Attorney shall hereafter file an Application for an Allowance of Attorney's Fee for representation of Debtor in this cause if any further fees are sought by Debtor's Attorney.

##END OF ORDER##

APPROVED:

*/s/ Harold J. Barkley, Jr.*
HAROLD J. BARKLEY, JR. – MSB #2008
CHAPTER 12 TRUSTEE
POST OFFICE BOX 5069
JACKSON, MS 39269-5069
PHONE: 601/362-7153
FAX: 601/366-7442
E-MAIL: HJB@HBARKLEY13.COM

*/s/ Craig M. Geno* WITH PERMISSION
CRAIG M. GENO – MSB #4793
ATTORNEY FOR DEBTOR

SO ORDERED,

*Selene D Maddox* (signature)

Judge Selene D. Maddox

United States Bankruptcy Judge

The Order of the Court is set forth below. The case docket reflects the date entered.



IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI

IN THE MATTER OF:

LARRY JOE MAKAMSON

CHAPTER 12 NO.:

20 – 12839 – SDM

## AGREED ORDER

THIS CAUSE was set for hearing on March 29, 2021 on the Trustee's Objection to Chapter 12 Plan of Reorganization [DK #53]; and after notice and opportunity for hearing and the Court being fully advised finds that the parties agree as follows:

THAT, the Trustee's Objection to Chapter 12 Plan of Reorganization is hereby withdrawn.

THAT, the Debtor, by and through Pam Powers/Johnny Trusty of Powers Properties (previously employed DK #46), shall continue to market and attempt to sell the remaining 100 acres of real property located at County Road 364 in Sidon, Mississippi. If the real property is not under contract or sold on or before August 15, 2021 the Debtor shall request an extension of time from the Court to continue to market the property or begin the process to auction the property.

THAT, in the event the 100 acres is sold the Debtor's net proceeds, after satisfaction of the lienholder UMB Bank, N.A., shall be delivered to the Chapter 12 Trustee to be disbursed pursuant to further order of this Court.

THAT, the parties agree that disbursements made from the net proceeds, including but not limited to administrative claims, priority claims and unsecured claims are payments through the plan and subject to the Trustee's statutory percentage fee.

EXHIBIT "A"

THAT, the Debtor shall be responsible for payment to Regions Bank directly.

THAT, the Internal Revenue Service has filed a priority claim in the amount of $4,994.31 that will be paid from the net proceeds of the land sale.

THAT, the Debtor shall pay $50.00 per month to the Trustee to be disbursed to unsecured creditors on a pro rata basis, with the Trustee to determine the proper percentage.

##END OF ORDER##

AGREED:

*/s/ Justin B. Jones/*

JUSTIN B. JONES – MSB #103295
ATTORNEY FOR TRUSTEE
POST OFFICE BOX 5069
JACKSON, MS 39296-5069
PHONE: 601/366-7153
FAX: 601/366-7442
E-MAIL: JJONES@HBARKLEY13.COM

*/s/ Craig M. Geno/* WITH PERMISSION

CRAIG M. GENO
ATTORNEY FOR DEBTOR

## Payment Schedule of Larry Joe Makamson 20-12839-SDM

| Date | Amount |
|---|---|
| June 1, 2021 | $50.00 |
| July 1, 2021 | $50.00 |
| August 1, 2021 | $50.00 |
| September 1, 2021 | $50.00 |
| October 1, 2021 | $50.00 |
| November 1, 2021 | $50.00 |
| December 1, 2021 | $50.00 |
| January 1, 2022 | $50.00 |
| February 1, 2022 | $50.00 |
| March 1, 2022 | $50.00 |
| April 1, 2022 | $50.00 |
| May 1, 2022 | $50.00 |
| June 1, 2022 | $50.00 |
| July 1, 2022 | $50.00 |
| August 1, 2022 | $50.00 |
| September 1, 2022 | $50.00 |
| October 1, 2022 | $50.00 |
| November 1, 2022 | $50.00 |
| December 1, 2022 | $50.00 |
| January 1, 2023 | $50.00 |
| February 1, 2023 | $50.00 |
| March 1, 2023 | $50.00 |
| April 1, 2023 | $50.00 |
| May 1, 2023 | $50.00 |
| June 1, 2023 | $50.00 |
| July 1, 2023 | $50.00 |
| August 1, 2023 | $50.00 |
| September 1, 2023 | $50.00 |
| October 1, 2023 | $50.00 |
| November 1, 2023 | $50.00 |
| December 1, 2023 | $50.00 |
| January 1, 2024 | $50.00 |
| February 1, 2024 | $50.00 |
| March 1, 2024 | $50.00 |
| April 1, 2024 | $50.00 |
| May 1, 2024 | $50.00 |
| June 1, 2024 | $50.00 |
| July 1, 2024 | $50.00 |
| August 1, 2024 | $50.00 |
| September 1, 2024 | $50.00 |
| October 1, 2024 | $50.00 |
| November 1, 2024 | $50.00 |
| December 1, 2024 | $50.00 |
| January 1, 2025 | $50.00 |
| February 1, 2025 | $50.00 |
| March 1, 2025 | $50.00 |

**EXHIBIT "B"**

| | |
|---|---|
| April 1, 2025 | $50.00 |
| May 1, 2025 | $50.00 |
| June 1, 2025 | $50.00 |
| July 1, 2025 | $50.00 |
| August 1, 2025 | $50.00 |
| September 1, 2025 | $50.00 |
| October 1, 2025 | $50.00 |
| November 1, 2025 | $50.00 |
| December 1, 2025 | $50.00 |
| | |
| January 1, 2026 | $50.00 |
| February 1, 2026 | $50.00 |
| March 1, 2026 | $50.00 |
| April 1, 2026 | $50.00 |
| May 1, 2026 | $50.00 |

## Calculation of payment

Unsecured creditors – $45.00 monthly
Trustee Compensation/Expense - $5.00 monthly

# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF MISSISSIPPI

IN RE:   **LARRY JOE MAKAMSON**                          **CHAPTER 12**
           **Debtor**                                           **CASE NO. 20-12839-SDM**

## CHAPTER 12 PLAN OF REORGANIZATION

COMES NOW the Debtor, Larry Joe Makamson (the "Debtor"), and submits this his Chapter 12 Plan of Reorganization (the "Plan") for consideration of the Court and the creditors herein:

### DEFINITIONS

1.     "Debtor" shall mean Larry Joe Makamson.

2.     "Regions" shall mean Regions Mortgage.

3.     "UMB" shall mean UMB Bank, N.A.

4.     "Unsecured Creditors" shall mean all creditors of the Debtor who hold claims for unsecured debts, liabilities, or demands.

5.     "Plan" shall mean this Plan of Reorganization as set forth herein.

6.     "Court" shall mean the United States Bankruptcy Court for the Northern District of Mississippi, and the United States Bankruptcy Judge presiding in the Chapter 12 case of the Debtor.

7.     "Effective Date of Confirmation" shall mean sixty (60) days after the date upon which the Order confirming this Plan shall become final and non-appealable.

### CLASSIFICATION OF CLAIMS

1.     Class I claims shall be all expenses of administration of the Debtor as defined by § 507(a)(1) for which application for allowance is filed prior to the Effective Date of Confirmation, or such date or dates as the Court determines, as the same are allowed, approved, and ordered to be paid by the Court. Any claim filed by a creditor as an administrative claim entitled to priority under

**EXHIBIT "C"**

§ 507(a)(1) shall be treated as an unsecured claim without priority until the Court allows the claim as being entitled to priority under § 507(a)(1).

2. Class II shall be the priority claims, if any.

3. Class III shall consist of the secured claims of Regions secured by 12201 County Road 364, Sidon, Mississippi 38954.

4. Class IV shall consist of the secured claims of UMB secured by land located at County Road 364, Sidon, Mississippi 38954.

5. Class V shall consist of all unsecured claims.

### PAYMENT TO CHAPTER 12 TRUSTEE AND DEBTOR'S ATTORNEY

Keeping in mind the opinion Judge Woodard rendered in the *George Speir* case with respect to compensation of the Chapter 12 Trustee, and keeping in mind that Plan success can sometimes depend upon the amount of payment to the Chapter 12 Trustee and the Debtor's professionals, the Debtor proposes to pay Trustee compensation on the claims in Class IV, upon the sale, post-confirmation, of the remaining real property collateral as to which UMB holds liens and security interests. This proposal will provide significant compensation to the Chapter 12 Trustee in this case.

The Debtor shall pay the allowed fees and expenses of his attorneys, as determined by the Court and authorized in conjunction with Class I of the Plan.

### DESCRIPTION OF THE PLAN AND FUNDING OF THE PLAN

The funding of the Debtor's obligations, under this Plan, and under the treatment proposed by the Debtor to the secured creditors, shall be from the Debtor's sale of his remaining collateral encumbered by the secured claims of UMB and Debtor's future projected disposable income.

## LIQUIDATION ANALYSIS

Currently, Debtor intends to liquidate the remaining farm acreage he and his spouse own that is encumbered with a mortgage to UMB as the only consensual lien. The Debtor will seek Court approval of the sale of this real property upon receipt of a bona fide offer that is acceptable to the Debtor. Accordingly, the liquidation analysis for that property is unnecessary, because it is going to be liquidated in any event.

The Debtor is of the opinion that the liquidation of his homestead would not produce any benefit for unsecured creditors because any equity in it would not be over and above the Debtor's $75,000 homestead exemption, when combined with the mortgage to Regions.

With respect to the Debtor's vehicle, the Debtor is of the opinion that the liquidation value thereof is negligible.

## TREATMENT OF CLAIMS

1. All Class I claims will be paid in full on the Effective Date of Confirmation, as authorized and approved by the Court.

2. The Class II priority claims, if any, shall be paid within sixty (60) months from the date of the filing of this Chapter 12 case, with interest at the applicable statutory rate for governmental entities. However, any taxes that are owed to taxing authorities that result from the sale of farm assets, shall be classified, pursuant to the applicable provisions of the Bankruptcy Code, as general, unsecured claims and, in the event the Debtor successfully completes the 60 month life of the Plan, those claims will remain as general, unsecured claims in their entirety. As a result, those kinds of tax claims that result from sales of farm assets (as opposed to farm commodities), shall not be priority claims but shall be general, unsecured claims.

3. Class III claims consist of the secured claims of Regions that are secured by the Debtor's home located at 12201 County Road 364 in Sidon, Mississippi. The Debtor is of the opinion that his home is worth at least the amount of the Regions claim. However, if there is equity in the home over and above the Regions debt, it is less than the Debtor's $75,000 homestead exemption so there is no equity in the home available to pay the claims of unsecured creditors.

Debtor (and his non-debtor spouse) shall undertake a new loan obligation with Regions, by amortizing the existing indebtedness over thirty (30) years with interest to be paid at rates as listed on the Regions mortgage website but not exceeding 3.25%. Debtor will commence payments to Regions upon the Effective Date with respect to this new loan obligation, which leaves Regions as an unimpaired creditor.

4. Class IV claims consist of the secured claims of UMB that are secured by land located at County Road 364 in Sidon, Mississippi. Subsequent to the filing of the Petition, Debtor sold a substantial amount of real estate upon which UMB holds liens and security interests. UMB received the net proceeds of that sale to substantially reduce its secured claim. UMB remains as an oversecured creditor with respect to its remaining collateral. Debtor will endeavor to sell the remaining UMB collateral to the highest and best offeror in due course. The net sales proceeds shall be paid to UMB until its claim is paid in full.

5. The Debtor will pay to Class V unsecured creditors a pro rata share of the Debtor's projected disposable income, after payment of costs of operations/administration; priority tax claims, if any, and secured claims with unsecured creditors receiving distributions commencing on the anniversary date of the Effective Date of Confirmation, over the five year life of the Plan. As previously noted, claims of taxing authorities that arise out of the sale of farm assets (as opposed to farm commodities) shall be relegated to the general, unsecured class, no matter if the sales giving

rise to the tax claims occurred pre-petition, during this Chapter 12 case or post-confirmation. Currently, Debtor's post-confirmation income will consist of Social Security payments and farm income. Based upon these incomes, Debtor projects only a very small payment to unsecured creditors under the Plan.

## ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The Debtor is not aware of any executory contracts or unexpired leases that need to be assumed. If he discovers executory contracts or unexpired leases that need to be assumed or rejected, the Plan will be amended to provide for that.

## DISCHARGE

Upon completion of all of the Plan payments, the Debtor shall receive his discharge in accordance with 11 U.S.C. § 1228 of the Bankruptcy Code.

## JURISDICTION

After the Effective Date of Confirmation, the Court shall retain jurisdiction only for such purpose as is necessary for the supervision, enforcement, and fulfillment of this Plan; to consider the rejection or acceptances of executory contracts to consider applications for fees and allowances of professional services; to conduct all adversary and civil proceedings which have been filed with or removed to this Court prior to the Effective Date of Confirmation, and to rule upon objections, if any, to claims filed herein.

THIS, the 28th day of December, 2020.

> Respectfully submitted,
>
> LARRY JOE MAKAMSON
>
> By His Attorneys,
>
> LAW OFFICES OF CRAIG M. GENO, PLLC
>
> By: /s/ Craig M. Geno
>     Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com

N:\Firm Data\Users\Bankrupt\Makamson, Joe & Margie\Plan\Plan 12-21-20.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via electronic filing transmission and/or U. S. Mail, postage prepaid, a true and correct copy of the above and foregoing to the following:

> Harold J. Barkley, Jr., Esq.
> hjb@hbarkley13.com
>
> Sammye S. Tharp, Esq.
> sammye.s.tharp@usdoj.gov

THIS, the 28th day of December, 2020.

/s/ Craig M. Geno
Craig M. Geno